

BTL_000041

**SheppardMullin**

Sheppard, Mullin, Richter & Hampton LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
310.228.3700 main
310.228.3701 fax
www.sheppardmullin.com

310.228.3723 direct
jpietrini@sheppardmullin.com

April 18, 2013

File Number: 22HF-165423-783

SETTLEMENT DISCUSSIONS
PER FRE 408

**VIA EMAIL AND U.S. MAIL**
DEAN@DONALDSONCALLIF.COM

Dean R. Cheley, Esq.
DONALDSON & CALLIF
400 S. Beverly Drive, Suite 400
Beverly Hills, CA 90212

Re:   **Infringement of Summit Entertainment's Intellectual Property derived from *Twilight* Motion Pictures**

Dear Dean:

This is in response to your March 6, 2013 letter.

Your letter goes to great lengths in an attempt to portray the *Twiharder* film as a parody entitled to First Amendment protection, but your arguments remain unconvincing. From the beginning, the goal of Between the Lines Productions has been to commercially exploit the *Twiharder* film for profit, going so far as to sell t-shirts, calendars and other merchandise branded with the infringing *Twiharder* mark. These actions clearly distinguish your client's conduct from that of the defendants in the cases cited in your March 6th letter.

Furthermore, labeling the *Twiharder* film as a parody does not automatically foreclose an inquiry into whether the film qualifies as a fair use. Section 107 of the Copyright Act identifies four factors to assess whether a work is entitled to an affirmative defense of fair use, including:

> (1)   the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
>
> (2)   the nature of the copyrighted work;
>
> (3)   the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
>
> (4)   the effect of the use upon the potential market for or value of the copyrighted work.

# SheppardMullin

Dean R. Cheley, Esq.
DONALDSON & CALLIF
April 18, 2013
Page 2

With respect to the first factor, we have already provided ample reasons why the *Twiharder* film is not a transformative work. As to the second factor, it goes without saying that the *Twilight* films are original works of authorship entitled to the fullest extent of copyright protection. Concerning the third factor, we have already demonstrated that the *Twiharder* film borrows wholesale from the *Twilight* films. And finally, with respect to the fourth factor, you point out that Summit's parent company, Lions Gate Entertainment, has released the film *Breaking Wind*. Such film is obviously authorized by Summit, and therefore, noninfringing unlike Between the Lines' *Twiharder* film. The fourth factor "must take account not only of harm to the original, but also of harm to the market for derivative works." *See Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 590 (1994), citing *Harper & Row, Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 568 (1985). Between the Lines Productions is trying, without authorization, to enter a market already occupied by an authorized derivative work of the *Twilight* films. This constitutes a significant harm to Summit.

Summit repeats its demands that Between the Lines Productions cease and desist from any use or other exploitation of the *Twiharder* film and associated content. If Between the Lines does not commit in writing to comply with Summit Entertainment's demands, and proceeds with the release of the *Twiharder* film, Summit will take all actions necessary to enforce its rights without further advance notice to your client. Please let us know your client's intentions in this regard by **April 29, 2013**.

Nothing contained in this letter, nor any act or omission to act by Summit is intended or should be deemed to be a waiver, abridgment, alteration, modification or reduction of any rights, claims, defenses or remedies that Summit may have in regard to this matter and all such rights, claims, defenses and remedies, whether at law or in equity, are hereby expressly reserved.

Very truly yours,

*Jill Pietrini*

Jill M. Pietrini
SHEPPARD MULLIN RICHTER & HAMPTON LLP

JMP:SH
cc:   David C. Friedman, Esq.
      Rachel Kimbrough, Esq.
      Robert Mason, Esq.
      Susan Hwang, Esq.
      Robert Walsh

SMRH:408216353.1



BTL_000044

# DONALDSON + CALLIF

May 7, 2013

**VIA U.S. MAIL AND EMAIL**

Jill Pietrini
Sheppard Mullin Richter & Hampton LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067-6055
[jpietrini@sheppardmullin.com]

RE: **BETWEEN THE LINES PRODUCTIONS, LLC / *TWIHARDER* / SETTLEMENT DISCUSSIONS**

Dear Ms. Pietrini,

As you know, Between the Lines has been effectively foreclosed from pursuing any commercial distribution deals for *Twiharder* because Summit's threat of litigation has imposed a complete freeze on the market for the film.

We can agree to disagree on the merits of applying the Fair Use analysis but, regardless, it appears that your client stands resolved to enforce an absolute prohibition against any distribution of the *Twiharder* film in any manner. Given that no new *Twilight Saga* film is scheduled to be released in 2013, and given that the other feature film parodies authorized by Summit, including *Breaking Wind* and *Vampires Suck*, were brought to market many years ago, Summit's rationale for taking an "all-or-nothing" stance on the *Twiharder* film strikes my client as bad faith.

There can be no denying that *Twiharder* is a full-length feature "motion picture," not a commercial advertisement that proposes the sale of goods or services. There can be no doubt to the ordinary observer that the film is a comedic parody created with the intent to excite laughter as opposed to a serious dramatic work like the *Twilight Saga* films.

In regards to merchandising, this issue has already been resolved. Our client has agreed to not sell any *Twiharder* merchandise. No *Twiharder* merchandise was sold to the public. There is no online store selling *Twiharder* merchandise.

Additionally, our client has agreed to further differentiate their marketing of the *Twiharder* film so that there is no likelihood of confusion between their film and the *Twilight Saga* franchise. It will be made even more explicitly clear that the *Twiharder* work is a parody.

Based on the foregoing, we would like to resolve this matter by requesting Summit to retract its position and issue authorization to my client for sale and distribution of the film.

Very Truly Yours,

Dean R. Cheley, Esq.

DRC/jmm

Michael C Donaldson    Lisa A Callif    Dean R Cheley    Christopher L Perez
400 South Beverly Drive, Suite 400, Beverly Hills, California, 90212  Office 310-277-8394  Fax 310-277-4870

BTL_000045