JAMES H. FREEMAN, ESQ.
*Admitted Pro Hac Vice*
JH FREEMAN LAW
3 Columbus Circle, 15th Floor
New York, NY 10019
Tel: (212) 931-8535 / Fax: (212) 496-5870
james@jhfreemanlaw.com

STEVE LOWE, ESQ. (Cal. Bar #122208)
LOWE & ASSOCIATES, P.C.
11400 Olympic Blvd., Suite 640
Los Angeles, CA 90064
Tel: (310) 477-5811 / Fax: (310) 477-7672
steven@lowelaw.com

*Attorneys for Plaintiff Between the Lines Productions, LLC*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| BETWEEN THE LINES PRODUCTIONS, LLC, a California limited liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>LIONS GATE ENTERTAINMENT CORP., a British Columbia corporation, And SUMMIT ENTERTAINMENT, LLC, a Delaware limited liability company<br><br>Defendants. | Case No. 2:13-cv-05699-MMM-CW<br><br>**APPLICATION FOR CLERK'S ENTRY OF DEFAULT AGAINST DEFENDANTS UPON AMENDED COMPLAINT [Docket No. 46] PURSUANT TO FED R. CIV. P. 55(a) and FED R. CIV. P. 15(a)(3)** |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

As provided by Rule 55 of the Federal Rules of Civil Procedure, Plaintiff Between the Lines Productions, LLC ("Plaintiff") requests that the Clerk enter the Default of Defendants Lionsgate Entertainment, Inc. and Summit Entertainment, LLC (collectively, the "Defendants") for failure to plead or otherwise defend against the action in a timely manner.

Plaintiff seeks an entry of default against Defendants upon all six counts of the Amended Complaint [Docket No. 46]; and does NOT seek entry of default upon the original complaint, dated May 28, 2013 [Docket No. 1], which was superseded by the filing of the Amended Complaint on October 2, 2013.

The Clerk's entry of default against Defendants is warranted in this particular case by Rule 15(a)(3) of the Federal Rules of Civil Procedure, by District Court Order [Docket No. 44], and by Joint Stipulation of the Parties [Docket No. 43], amongst other factors and legal authorities set forth in detail in the accompanying Declaration of Attorney James H. Freeman, who serves as Lead Counsel to Plaintiff in the action.

As per Order of the Court [Docket No. 44], it is the <u>filing date</u> of the Amended Complaint, rather than the date upon which service of the Amended Complaint was effectuated, which controls the timing of the Defendants' obligation to respond to the amended pleading.

—

**DEFENDANT LIONSGATE ENTERTAINMENT, INC. ("LIONSGATE")**

—

1. LIONSGATE has made an appearance in this action through highly sophisticated counsel.

2. Notwithstanding LIONSGATE's appearance, LIONSGATE has a statutory obligation to file a "required response" to an amended pleading as provided for in Fed. R. Civ. P. 15(a)(3).

3. As per Fed. R. Civ. P. 15(a)(3), the time and manner in which LIONSGATE must respond to any amended pleading may be dictated by Order of the Court.

4. Defendant LIONSGATE deliberately failed to lodge any "responsive pleading" to the Plaintiff's Amended Complaint [Docket No. 46] as expressly mandated by District Court Order, entered September 25, 2013 [Docket No. 44], and Joint Stipulation of the Parties, entered September 25, 2013 [Docket No. 43].

5. In lieu of the required responsive pleading, LIONSGATE elected to file a facially defective, partial motion to dismiss one count of Plaintiff's Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Docket Nos. 52, 53].

6. As of today, October 25, 2013, more than twenty-one (21) days have elapsed since Plaintiff's filing of the Amended Complaint on October 2, 2013 and Defendant LIONSGATE has failed to file any responsive pleading (i.e., Answer and Compulsory Counterclaims) to any one of the six counts set forth in the Amended Complaint [Docket No. 46].

7. Accordingly, as of this date of Plaintiff's Application for Entry of Default, Defendant LIONSGATE stands in direct violation of the District Court's Rule 15(a)(3) Order, [Docket No. 44] and the Joint Stipulation of the parties [Docket No. 43]; without justifiable cause, and must therefore be entered in default by the Clerk for LIONSGATE's non-compliance with Rule 15(a)(3) of the Federal Rules of Civil Procedure *as a matter of law*.

———

**DEFENDANT SUMMIT ENTERTAINMENT, LLC ("SUMMIT")**

———

1. SUMMIT has made an appearance in this action through highly sophisticated counsel.

2. Notwithstanding SUMMIT's appearance, SUMMIT has a statutory obligation to file a "required response" to an amended pleading as provided for in Fed. R. Civ. P. 15(a)(3).

3. As per Fed. R. Civ. P. 15(a)(3), the time and manner in which SUMMIT must respond to an amended pleading may be dictated by Order of the Court.

4. Defendant SUMMIT deliberately failed to lodge any "responsive pleading" (i.e., Answer and Compulsory Counterclaims) to the Plaintiff's Amended Complaint [Docket No. 46] as expressly mandated by District Court Order, entered September 25, 2013 [Docket No. 44], and Joint Stipulation of the Parties, entered September 25, 2013 [Docket No. 43].

5. In lieu of the required responsive pleading (i.e., Answer and Compulsory Counterclaims), SUMMIT elected to file a facially defective, partial motion to dismiss one count of Plaintiff's Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [Docket Nos. 52, 53].

6. As of today, October 25, 2013, more than twenty-one (21) days have elapsed since Plaintiff's filing of the Amended Complaint on October 2, 2013 and Defendant SUMMIT has failed to file any responsive pleading (i.e., Answer and Compulsory Counterclaims) to any one of the six counts set forth in the Amended Complaint [Docket No. 46].

7. Accordingly, as of this date of Plaintiff's Application for Entry of Default, Defendant SUMMIT stands in direct violation of the District Court's Rule 15(a)(3) Order, [Docket No. 44] and the Joint Stipulation of the parties [Docket

No. 43]; without justifiable cause, and <u>must</u> therefore be entered in default for SUMMIT's non-compliance with Rule 15(a)(3) of the Federal Rules of Civil Procedure as a matter of law.

---

**THE ABOVE-NAMED DEFENDANTS HAVE FAILED TO PLEAD OR OTHERWISE FILE THE REQUIRED RESPONSE TO THE AMENDED COMPLAINT [Docket No. 46].**

——

**THIS APPLICATION FOR THE CLERK'S ENTRY OF DEFAULT AGAINST DEFENDANTS UPON THE AMENDED COMPLAINT [Docket No. 46] IS BASED ON THE ATTACHED DECLARATION OF ATTORNEY JAMES H. FREEMAN, WHO SERVES AS LEAD COUNSEL TO PLAINTIFF IN THE ACTION AND SWEARS UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT BASED ON PERSONAL KNOWLEDGE, INFORMATION AND BELIEF.**

——

Dated: October 25, 2013
New York, NEW YORK

RESPECTFULLY SUBMITTED:

_____
James H. Freeman, Esq.
*[Admitted Pro Hac Vice]*
JH FREEMAN LAW
3 Columbus Circle, 15th Floor
New York, NY 10019
Tel: (212) 931-8535
Fax: (212) 496-5870
james@jhfreemanlaw.com

STEVE LOWE, ESQ.
steven@lowelaw.com
LOWE & ASSOCIATES, P.C.
11400 Olympic Blvd., Suite 640
Los Angeles, CA 90064
Tel: (310) 477-5811
Fax: (310) 477-7672

*Attorneys for Plaintiff Between the Lines Productions, LLC*