JAMES H. FREEMAN, ESQ. [(NY) JF 8605]
*Admitted Pro Hac Vice*
JH FREEMAN LAW
3 Columbus Circle, 15th Floor
New York, NY 10019
Tel: (212) 931-8535 / Fax: (212) 496-5870
james@jhfreemanlaw.com

STEVE LOWE, ESQ. (Cal. Bar #122208)
LOWE & ASSOCIATES, P.C.
11400 Olympic Blvd., Suite 640
Los Angeles, CA 90064
Tel: (310) 477-5811 / Fax: (310) 477-7672
steven@lowelaw.com

*Attorneys for Plaintiff Between the Lines Productions, LLC*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| BETWEEN THE LINES PRODUCTIONS, LLC, a California limited liability Company,<br><br>   Plaintiff,<br><br>   vs.<br><br>LIONS GATE ENTERTAINMENT CORP., a British Columbia corporation, And SUMMIT ENTERTAINMENT, LLC, a Delaware limited liability company<br><br>   Defendants. | Case No. 2:13-cv-05699-MMM-CW<br><br>**ECF CASE**<br><br>Action Filed: May 28, 2013 |

**PLAINTIFF'S STATEMENT OF OBJECTIONS TO CLERK OF COURT'S NOTICE OF DEFICIENCY [Docket No. 56] RE: PLAINTIFF's APPLICATION FOR ENTRY OF DEFAULT [Docket No. 55]**

**AMENDED COMPLAINT**

PLAINTIFF BETWEEN THE LINES PRODUCTIONS LLC ("Plaintiff"), through its counsel of record, hereby states for the record the following <u>objections</u> to the Clerk of Court's notice of deficiency, dated October 29, 2013, concerning Plaintiff's application for entry of default against Defendants pursuant to Fed. R. Civ. P. 55(a), dated October 25, 2013, for Defendants' failure to timely plead in response to the Amended Complaint.

## RELEVANT PROCEDURAL BACKGROUND

a. On May 28, 2013, Plaintiff Filed a Complaint Seeking Affirmative Relief from the U.S. District Court on Five Counts (the "Original Complaint") [Docket No. 1]

b. On September 2, 2013, Defendants Lionsgate Entertainment Corp. and Summit Entertainment LLC (collectively "Defendants") filed a partial motion to dismiss three counts of the Original Complaint pursuant to Rule 12(b)(6) [Docket No. 39]

c. To date, Defendants have NOT filed an Answer to the Original Complaint.

d. On September 25, 2013, the Court entered an Order on record [Docket No. 44], based on the parties' Joint Stipulation [Docket No. 43], commanding Defendants to file a "responsive pleading" within twenty-one (21) days of Plaintiff's filing of its Amended Complaint.

e. On October 2, 2013, Plaintiff filed an amended pleading as of right pursuant to Rule 15(a)(1) (the "Amended Complaint") [Docket Nos. 46, 47].

f. On October 11, 2013, service of the Amended Complaint was effectuated pursuant to Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure given that Defendants' counsel of record have consented to be served via ECF.

g. On October 22, 2013, Defendants filed a partial Rule 12 motion to dismiss one count of the six-count Amended Complaint. [Docket No. 52]

h. To date, Defendants have NOT filed an Answer to the Amended Complaint.

i. On October 25, 2013, Plaintiff filed an application with the Clerk of Court for an entry of default against Defendants pursuant to rule 55(a) for failure to plead. [Docket No. 56]

j. On October 29, 2013, the Clerk of Court filed a "Notice of Deficiency: Default/Default Judgment" (the "Notice of Deficiency") [Docket No. 53] which reads in its entirety:

"PLEASE TAKE NOTICE:

The Clerk cannot enter the requested Default of defendants Lions Gate Entertainment Corp., a British Columbia corporation, and Summit Entertainment, LLC, a Delaware limited liability company, for the following reason(s):

**X** Answer and/or Motion for Summary Judgment and/or Motion to Dismiss on file: the Clerk does not have the authority to determine whether or not a Motion to Dismiss e-filed by opposing counsel is defective and does not constitute a valid response

**X** Request for Entry of Default has been forwarded to assigned Judge"

### PLAINTIFF'S STATEMENT OF OBJECTIONS FOR THE RECORD

1. **The Clerk's Notice Of Deficiency Conflicts With the Mandate Provided By Rule 55(a) Of The Federal Rules Of Civil Procedure, As Follows:**

    a. Clerk of Court is bound to follow the plain meaning of the Federal Rules of Civil Procedure.[1] The Federal Rules of Civil Procedure should not be so broadly interpreted as to circumvent the Rules themselves[2] and they should not be re-written by interpretation.[3]

    b. Rule 55(a) prescribes that the Clerk of Court must enter a default against Defendants "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead.."

    c. The Clerk of Court MUST enter a default where the <u>Court Orders</u> [Docket No. 44] Defendants to file and serve a "responsive pleading" to the amended pleading, defendants have failed to timely file a responsive pleading, and the Order has not been modified.

    d. The Clerk of Court MUST enter a default against Defendants where the <u>parties stipulate on the record</u> [Docket No. 43] that Defendants must file and serve a "responsive pleading" to the amended pleading, defendants have failed to timely file any responsive pleading, and the stipulation has not been modified.

---

[1] See, e.g., <u>Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.</u>, 498 U.S. 533, lll S. Ct. 922, 112 L. Ed. 2d 1140 (1991); Pavelic & LeFlore v. Marvel Entertainment Group, 493 U.S. 120, 110 S. Ct. 456, 107 L. Ed. 2d 438 (1989); <u>Walker v. Armco Steel Corp.</u>, 446 U.S. 740, 100 S. Ct. 1978, 64 L. Ed. 2d 659 (1980).

[2] See, e.g., <u>S. Phillips v. Baker</u>, 21 F.2d 752, 50 U.S.P.Q. (BNA) 540 (C.C.A. 9th Cir. 1941); <u>Cohen v. Pennsylvania R. Co.</u>, 30 F. Supp. 419 (S.D.N.Y. 1939).

[3] See <u>Harris v. Nelson</u>, 394 U.S. 286, 89 S. Ct. 1082, 22 L. Ed. 2d 281 (1969).

  e. As per the plain meaning of the Federal Rules of Civil Procedure, the Clerk of Court MUST enter a default against Defendants for failure to plead where the Defendants elected not to file an answer in response to the original complaint [Docket No. 1] and subsequently failed to timely file an answer to the Amended Complaint [Docket No. 46]

2. **The Clerk's Notice of Deficiency Conflicts With the Express Language Provided By Rule 15(a)(3) Of The Federal Rules Of Civil Procedure, As Follows:**

  a. As a matter of law, for purposes of Rule 15(a), a motion under Rule 12(b)(6) is <u>not</u> a "responsive pleading".[4]

  b. Irrespective of the Court Order [Docket No. 44] and Joint Stipulation [Docket No. 43], because Defendants elected not to file an Answer to the original pleading under Rule 12(a), *an Answer is a "required response" to an amended pleading pursuant to Rule 15(a)(3).*

  c. A motion pursuant to Rule 12(b)(6) is NOT a "required response" pursuant to Rule 15(a)(3) because a motion to dismiss for failure to state a claim upon which relief can be granted may be filed via Rule 12(c) after the pleadings have closed [as per Fed. R. Civ. P. 12(h)(2)(B)] or at trial [as per Fed. R. Civ. P. 12(h)(2)(C)]

  d. Defendants' failure to file "any required response" pursuant to Rule 15(a)(3) is grounds for the Clerk's entry of default for failure to plead, regardless of whether Defendants have made an appearance in the action.

  e. On its face, Rule 15(a) does NOT expressly nor implicitly refer to any tolling apparatus, including but not limited to the tolling provision set forth in Rule 12(a)(4)(A).

---

[4] See, e.g., <u>CRST Van Expedited, Inc. v. Werner Enters., Inc.</u>, 479 F.3d 1099, 1104 n. 3 (9th Cir. 2007) ("A Rule 12(b)(6) motion to dismiss is not such a responsive pleading as to cut off a plaintiff's right to amend once, without leave of court.") (citations omitted)); <u>Crum v. Circus Circus Enters.</u>, 231 F.3d 1129, 1130 n. 3 (9th Cir. 2000) (a Rule 12(b)(6) is not a responsive pleading); <u>Rick–Mik Enterprises, Inc. v. Equilon Enterprises</u>, 532 F.3d 963, 977 (9th Cir. 2008) (same); <u>Miles v. Department of Army</u>, 881 F.2d 777, 781 (9th Cir. 1989) ("A motion to dismiss under Rule 12(b)(6) is not a responsive pleading. Therefore, defendants have not yet served a responsive pleading"); <u>Mayes v. Leipziger</u>, 729 F.2d 605, 607 (9th Cir. 1984) ("a motion to dismiss is not a responsive pleading"); <u>St. Michael's Convalescent Hosp. v. California</u>, 643 F.2d 1369, 1374 (9th Cir. 1981) (same); <u>Nolen v. Fitzharris</u>, 450 F.2d 958, 958 (9th Cir. 1971) (same); <u>Breier v. Northern Cal. Bowling Proprietors' Ass'n</u>, 316 F.2d 787, 789 (9th Cir. 1963) (same); <u>Thomas v. Home Depot USA, Inc.</u>, 2007 WL 2140917, *2 (N.D. Ca., July 25, 2007) ("Defendant has not filed an answer or other responsive pleading to the complaint. A motion to dismiss under Rule 12(b)(6) is not a responsive pleading."); <u>Wilkins v. Freitas</u>, 2010 WL 4323005, * 1 (E.D. Cal., Oct. 26, 2010) ("Because a motion to dismiss under Rule 12(b)(6) is not a responsive pleading, plaintiff is entitled to file an amended complaint without leave of court."); <u>McNeal v. Ervin</u>, 2009 WL 4163544, * 2 (E.D. Ca., Nov. 23, 2009) ("As noted, plaintiff seeks leave to amend in response to defendants' motion to dismiss pursuant to Rule 12(b)(6), which is not a responsive pleading. Defendants have not filed a responsive pleading.") (citing Fed.R.Civ.P. 7(a)); <u>Andre v. Bank of America, N.A.</u>, 2011 WL 7565310, *12 (D. Oregon, Medford Div., Dec. 14, 2011) ("A motion to dismiss under Rule 12(b)(6) is not a responsive pleading. Therefore, defendants have not yet served a responsive pleading.") (citing <u>Miles v. Dep't of Army</u>, 881 F.2d 777, 781 (9th Cir.1989)).

3. **The Clerk's Notice of Deficiency Conflicts With the Express Language Provided By Rule 12(a) Of The Federal Rules Of Civil Procedure As Follows:**

    a. On its face, Rule 12(a)(4)(A) does NOT include any reference to Rule 15(a) as one of "these periods" to which tolling under Rule 12(a)(4)(A) may be applicable.

    b. As per the Federal Circuit's holding in <u>General Mills, Inc. v. Kraft Foods Global, Inc.</u>,[5] the tolling provision of Rule 12(a)(4) only applies to time periods specified by Rule 12(a)(1)-(3), which govern the timing of a defendant's response to the initial complaint; and does NOT apply to the time period specified by Rule 15(a)(3).

4. **Clerk of Court's Notice of Deficiency Does NOT Identify Proper Grounds for the Clerk of Court's Exemption from Its Compulsory Obligation Pursuant to Rule 55(a)**

    a. Clerk of Court has failed to provide good cause for why it is exempt from its compulsory duty pursuant to Rule 55(a) to enter default against Defendants on account of Defendants' failure to timely plead in this action.

    b. Pursuant to Rule 15(a)(3), and given the fact that Defendants elected not to file an Answer to the original pleading, Defendants had a statutory obligation to file an answer to the amended pleading *regardless of whether Defendants' motion to dismiss pursuant to Rule 12(b)(6) [Docket No. 52] is defective or not.*

    c. Clerk of Court is charged with applying the plain language of the Federal Rules of Civil Procedure, and is charged with knowledge of the parties' filings and Court Orders on record, and therefore has express authority to determine whether Defendants have filed the required response to the amended pleading.

---

[5] See <u>General Mills, Inc. v. Kraft Foods Global, Inc.</u>, 487 F.3d 1368, 1376 (Fed.Cir.2007), <u>as clarified on denial of rehearing</u>, 495 F.3d 1378, 1380–81 (Fed.Cir.2007).

> "Defendants assumed that their motion to dismiss would automatically extend the time for answering the Second Amended Complaint under Rule 12(a)(4)(A). But that rule is inapplicable here…**whereas Rule 12 dictates the time for responding to the initial summons and complaint, Rule 15(a)(3) specifically addresses responses to amended pleadings.**" (emphasis added). **And by the terms of Rule 12(a)(4), which expressly alters only "these periods" provided in Rule 12, not Rule 15, <u>the filing of a motion to dismiss does not extend the time for filing an answer to an amended complaint…</u>"**

5. **Clerk of Court's Notice of Deficiency is Facially Vague and Overbroad**

   a. Clerk of Court's use of the phrase "Answer and /or Motion for Summary Judgment and/or Motion to Dismiss" is vague because it conflates three different rules: Rule 8, Rule 12 and Rule 56.

   b. Clerk of Court's reference to "Answer and /or Motion for Summary Judgment" is overbroad because Defendants have NOT filed an Answer and none of the parties of record have filed a summary judgment motion in this action.

   c. Clerk of Court does not provide Plaintiff with reasonable notice of any *other* deficiencies with Plaintiff's application for entry of default against Defendants; such that if the Clerk recognizes its error in application of the Federal Rules of Civil Procedure to the facts on record, the Clerk of Court should discharge its obligation under Rule 55(a) and enter a default against Defendants for their obvious failure to plead.

6. **Clerk of Court Has Failed to Enter Default Pursuant to Rule 55(a) Even Though the Incontrovertible Facts on Record Demonstrate that Defendants Have Failed to Timely Plead in Response to the Amended Complaint** *Measured by Any Possible Deadline*

   a. The October 16, 2013 deadline set by Prong #1 of Rule 15(a)(3) ["within the time remaining to respond to the original pleading], measured as fourteen (14) days from October 2, 2013 [the date when the Original Complaint was deemed superseded by the Amended Complaint] for Defendants to file "any required response" has EXPIRED.

   b. The October 22, 2013 deadline set by Court-Order [Docket No. 44], measured as twenty-one (21) days from October 1, 2013, for Defendants to file a "responsive pleading" to the Amended Complaint [Docket No. 46] Has EXPIRED.

   c. The October 22, 2013 deadline set by Joint Stipulation [Docket No. 43] for Defendants to file a "responsive pleading" to the Amended Complaint has EXPIRED.

   d. The October 23, 2013 deadline *re-set* by Court-Order [Docket No. 47], measured as twenty-one (21) days from October 2, 2013, for Defendants to file a "responsive pleading" to the Amended Complaint Has EXPIRED.

   e. The October 25, 2013 deadline set by Prong #2 of Rule 15(a)(3) ["within 14 days after service of the amended pleading"], measured as fourteen (14) days from October 11, 2013, for Defendants to file "any required response" to the Amended Complaint Has EXPIRED.

**7. Clerk of Court's Stated Conclusion of Law in the Notice of Deficiency is Arbitrary**

    a. Clerk of Court's conclusion of law that it "does not have the authority to determine whether or not a Motion to Dismiss e-filed by opposing counsel is defective and does not constitute a valid response" is not supported by any citation to the Federal Rules of Civil Procedure, Local Civil Rules, or Individual Practice Rules of Honorable Judge Morrow and must therefore be viewed as arbitrary.

**8. Clerk of Court's Forwarding of the Plaintiff's Request for Entry of Default to Assigned Judge is Prejudicial to Plaintiff and Creates Unpredictability in Clerk of Court's Application of the Federal Rules of Civil Procedure**

    a. Unlike the Clerk of Court's compulsory duty pursuant to Rule 55(a) to enter a default, the District Court's decision to enter a default is only discretionary in nature.

    b. Given that time is of the essence, the Clerk of Court's failure to follow the proper procedures set forth in the Federal Rules of Civil Procedure will cause delay in the administration of justice and may force Plaintiff to prosecute allegations that have already been admitted to by virtue of Defendants' failure to timely plead.

    c. The proper procedure set forth in the Federal Rules of Civil Procedure is for the Clerk of Court to enter the default based on Defendants' failure to plead, based on the incontrovertible facts on record, and for Defendants then to move the District Court pursuant to Rule 55(c) to set aside the entry of default.

    d. The Clerk of Court's failure to follow the proper procedures set forth in the Federal Rules of Civil Procedure undermines the doctrine of federalism and creates uncertainty with respect to the Clerk of Court's ability to consistently apply the Rule of Law in an equal and non-arbitrary manner.

Dated: November 5, 2013
New York, New York

                                      RESPECTFULLY SUBMITTED:

                                      JH FREEMAN LAW

                                      By: *s/ James H. Freeman*
                                           James H. Freeman
                                      3 Columbus Circle, 15 FL
                                      New York, NY 10019
                                      Tel.: (212) 931-8535
                                      Fax: (212) 496-5870

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

james@jhfreemanlaw.com

*Attorney for Plaintiff Between the Lines Productions, LLC*

**Plaintiff's Statement of Objections to Clerk's Notice of Deficiency**

8

# CERTIFICATE OF SERVICE

I hereby certify that on this **6th day** of November**, 2013**, a true and correct copy of the foregoing was filed with the Court through the ECF-CM electronic filing system, which will automatically serve electronic notice of the same on the following counsel of record:

Jill Pietrini, Esq.
SHEPPARD MULLIN RICHTER & HAMPTON LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067
Tel: (310) 228-2249
Fax: (310) 228-3960
jpietrini@sheppardmullin.com

Paul Bost, Esq.
SHEPPARD MULLIN RICHTER & HAMPTON LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067
Tel: (310) 228-2249
Fax: (310) 228-3960
pbost@sheppardmullin.com

David Garcia, Esq.
SHEPPARD MULLIN RICHTER & HAMPTON LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067
Tel: (310) 228-2249
Fax: (310) 228-3960
dgarcia@sheppardmullin.com

*Attorneys for Defendants Lionsgate Entertainment Corp. and Summit Entertainment LLC*

[As for August 2, 2013 Joint Stipulation – Docket No. 30-1]

Lynne Thompson*: lthompson@smrh.com*

Latrina Martin*: lmartin@smrh.com*

By: *s/ James H. Freeman*