JAMES H. FREEMAN, ESQ.
*Admitted Pro Hac Vice*
JH FREEMAN LAW
3 Columbus Circle, 15th Floor
New York, NY 10019
Tel: (212) 931-8535 / Fax: (212) 496-5870
james@jhfreemanlaw.com

STEVE LOWE, ESQ. (Cal. Bar #122208)
LOWE & ASSOCIATES, P.C.
11400 Olympic Blvd., Suite 640
Los Angeles, CA 90064
Tel: (310) 477-5811 / Fax: (310) 477-7672
steven@lowelaw.com

*Attorneys for Plaintiff Between the Lines Productions, LLC*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| BETWEEN THE LINES PRODUCTIONS, LLC, a California limited liability Company,<br><br>　　　　　Plaintiff,<br><br>　　　　　vs.<br><br>LIONS GATE ENTERTAINMENT CORP., a British Columbia corporation, And SUMMIT ENTERTAINMENT, LLC, a Delaware limited liability company<br><br>　　　　　Defendants. | Case No. 2:13-cv-05699-MMM-CW<br><br>**PLAINTIFF'S STATEMENTS OF OBJECTION TO DOCUMENT NO. 50 ["Civil Minutes of Scheduling Conference"]; DOCUMENT 65-1, Ex. B [Purported Transcript from Scheduling Conference, dated October 21, 2013]; and DOCUMENT NO. 65-1, Ex. A [E-mail between Counsel]** |

PURSUANT TO Article III and Article VI of the U.S. Constitution and the First, Fourth and Fifth Amendments to the U.S. Constitution, and Upon Good Cause Shown, PLAINTIFF BETWEEN THE LINES PRODUCTIONS, LLC ("Plaintiff"), by its counsel James H. Freeman, Esq. hereby states its objections to

Document No. 50, "Civil Minutes" of the Initial Case Management Conference held on October 21, 2013; Document No. 65-1, Exhibit A (an e-mail between counsel, dated October 24, 2013) and Document No. 65-1, Exhibit B, "Reporter's Transcript of Proceedings, Los Angeles, California, dated Monday, October 21, 2013.

## PLAINTIFF RESPECTFULLY MAKES

## THE FOLLOWING GENERAL OBJECTIONS:

- THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S CLAIMS AND TO PRESERVE THE INTEGRITY OF THE JUSTICE SYSTEM, MUST IMMEDIATELY YIELD JURISDICTION OVER THIS ACTION TO THE UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT and U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

- **THIS DISTRICT COURT DOES NOT MEET THE MINIMUM THRESHOLD OF *TRADITIONAL* DUE PROCESS REQUIRED BY THE U.S. CONSTITUTION TO ADJUDICATE PLAINTIFF'S CIVIL ACTION ON THE MERITS.**

- UNLESS UPON HANDWRITTEN SIGNATURE AND AUTHENTICATED SEAL OF AUTHORITY OF THE U.S. DISTRICT COURT JUDGE ASSIGNED TO THIS CIVIL ACTION, TRADITIONAL DUE PROCESS SHIELDS PLAINTIFF FROM BEING LEGALLY BOUND BY ANY DOCUMENT PURPORTEDLY ISSUED BY THIS COURT.

- PLAINTIFF HAS REASONABLE GROUNDS TO BELIEVE THAT UPON TRANSFER OF VENUE FROM NEW YORK, THIS CIVIL ACTION WAS NOT RANDOMLY ASSIGNED TO THE PRESIDING HONORABLE JUDGE.

- PLAINTIFF OBJECTS TO THIS PROCEEDING ON GROUNDS THAT IT LACKS TRADITIONAL DUE PROCESS IMPARTIALITY. See Republican Party of Minn. v. White, 536 U.S. 765, 775-778 (2002)

**Document No. 50 and Document No. 65-1, Exhibit B**

(Civil Minutes & Transcript of Scheduling Conference)

1. Document No. 50 purports to be "Civil Minutes – General" of a "Scheduling Conference" held on October 21, 2013.

2. As a result of the Honorable Judge Morrow's constructive abandonment of Docket in this proceeding, Plaintiff challenges the authenticity of Docket No. 50 to the extent it purports to represent an official court document of the United States Government authorized by a sworn Judicial Officer of the Law.

3. Plaintiff objects to the fact that there is NO SCHEDULING ORDER signed by a U.S. District Court Judge in this proceeding, even though close to four (4) months have passed since the action was transferred from the Southern District of New York to the Central District of California.

4. Plaintiff objects that it did not have a fair and reasonable opportunity to appear in person before the U.S. District Court for an Initial Case Management Conference of this proceeding and, as a result of the lawlessness that has infested these proceedings, there is no way of knowing if such official proceeding actually took place or was simply a "mock" or sham proceeding.

5. Plaintiff objects to the "Scheduling Conference" held October 21, 2013 in its entirety on grounds that it violated the substantive and procedural due process rights of Plaintiff. Plaintiff Counsel's consent to participate by telephone was procured through fraud by opposing counsel and under threats of coercion and duress by the deputy Clerk of Judge Morrow (Anel Huerta).

6. Plaintiff objects that there was no audio tape recording of the Scheduling Conference to verify the contents of the Transcript.

7. Plaintiff objects to the Transcript in its ENTIRETY as UNVERIFIED and UNRELIABLE with respect to any statements made by Plaintiff's Counsel James H. Freeman. Plaintiff's Counsel was NOT present in the Courtroom, and he was coerced by threat of sanction by the deputy clerk to participate by telephone, even though the Record clearly reflected that, as of October 11, 2013 [Docket No. 48], Plaintiff's Counsel would not be present in Court on October 21, 2013.

8. Plaintiff specifically objects to Page 14 of the Unverified Transcript, lines 9-13 [Document No. 65-1, Ex. B] and refutes that the Court actually made this representation during the conference.

9. Even if any such representation was made on the Record, the Clerk of Court Linda Williams entered a Document on the record three (3) days AFTER the Scheduling Conference took place which clearly stated that the hearing date of December 2, 2013 was CLOSED, INCORRECT, DEFECTIVE and UNTIMELY. [Document No. 54]. Plaintiff has a right to rely upon the Record.

10. The Honorable Judge never took steps to rectify the deficiency on the Record [Document No. 54] and therefore December 2, 2013 CANNOT stand as the hearing date for Docket No. 52. Plaintiff has a right to rely upon the Record.

11. Plaintiff objects to the legal or binding effect of any date listed in Document No. 50 because it is NOT a Scheduling Order and NOT signed by a sworn judicial officer.

12. Plaintiff objects to the substantive content of any matter contained on the face of Document No. 50 because it is NOT a Scheduling Order and NOT signed by a sworn judicial officer.

13. Plaintiff objects to the typewritten "signature" of a deputy clerk and avers

4

that a deputy clerk's signature has no binding or legal effect with respect to a document which purports to schedule dates of this proceeding.

14. Plaintiff objects in its entirety to the "Court's" purported ruling on October 21, 2013, that there shall only be <u>one</u> Rule 56 summary judgment motion allowed in the entire case[1] as wholly prejudicial to Plaintiff, given that Plaintiff specifically set forth its intention to move for Summary Judgment on ALL claims before discovery in the Rule 26(f) Report.[2]

15. Plaintiff objects to the Court's purported ruling on October 21, 2013, that there shall only be <u>one</u> Rule 56 summary judgment motion on grounds that it is **arbitrary and capricious**: such a rule is not listed anywhere in the Local Rules or within Honorable Judge Morrow's Individual Practice Rules, or within any other Scheduling Conference minutes found on ECF in the last year. This rule was therefore crafted for this specific proceeding to ensure that Plaintiff is deprived of a fair and reasonable opportunity to be heard on the merits of its claims.

16. Plaintiff further objects that the Court lacks authority under Article III of the

---

[1] <u>See</u> Document No. 50: ("The court will allow only one motion for summary judgment in this case. The court will allow only one motion for summary judgment in this case. It will not entertain cross-motions. Counsel are directed to meet and confer and determine which party will be the moving party and which party will be the opposing party. To the extent it is appropriate based on undisputed facts and controlling principles of law, the court will *sua sponte* enter summary judgment for the non-moving party.")

[2] <u>See</u> Document No. 49 [Rule 26(f) Report, dated October 11, 2013] ("Plaintiff intends to file a pre-discovery motion for summary judgment pursuant to Rule 56 on COUNT I (First Amendment), COUNT II (Copyright Misuse); COUNT III (Fair Use), COUNT V (Statute of Limitations), COUNT VI (Laches) and a motion for partial summary judgment pursuant to Rule 56 concerning certain elements of Plaintiffs' monopolization and attempted monopolization claims sounding under COUNT IV (Anti-Trust)"]

U.S Constitution to prohibit or impair any civil litigant from filing any motion that it has the right to make under the Federal Rules of Civil Procedure, provided that it complies with Rule 11.[3]

17. Plaintiff further objects that it has no obligation to "meet and confer" with Defendants regarding any dispositive motion on the merits and that Plaintiff's previous efforts to "meet and confer" with Defendants' counsel have been wholly futile and used by Defendants' counsel as a tactic to gain unfair advantage and to procure delay in filing motions.

18. Plaintiff objects to the Court's statement that "The Court will *sua sponte* enter summary judgment for the non-moving party" on grounds that an unlimited number of unidentified "deputy clerks" have co-opted the Article III powers vested with this Court to execute and enter ORDERs on dispositive motions [see Docket No. 62], which is a gross violation of Plaintiff's constitutional rights, undermines the integrity of the U.S. Civil Justice System and is a violation of the Public Trust.

19. Plaintiff objects to the entry of any ORDER on the Docket concerning any DISPOSITIVE motion because it appears on the face of the Docket that anyone in the world – fictitious or real – can access the Docket via ECF and both execute and enter any ORDER with respect to any DISPOSITIVE motion on this case.

**Document No. 65-1, Exhibit A** (an e-mail between counsel, dated October 24, 2013)

20. Plaintiff objects to the admissibility of this document on grounds of Parole Evidence Rule.

21. Plaintiff objects to the admissibility of this document on grounds that it is

---

[3] Compare Judge Jed S. Rakoff's Individual Rules of Practice (**"No party will ever be denied the right to make a motion permitted by law."**)

6

NOT relevant or material to any issue before the Court.

22. Plaintiff objects to the admissibility of this document on grounds that it does not comport with Local Civil Rule 7.1.

23. Plaintiff objects to this document to the extent it is proffered by Defendants to show Plaintiff's "understanding" or "intent" with respect to the hearing date scheduled in connection with Document No. 52 because this e-mail was transmitted at 2:39 PM EST, October 24, 2013, which was BEFORE the Clerk of Court Linda Williams notified the parties that the Hearing Date and Hearing Time was defective at 8:46 PM, October 24, 2013. [See Document No. 54]

Dated: November 19, 2013

New York, NEW YORK

RESPECTFULLY SUBMITTED:

/ **jameshfreeman**/_____
James H. Freeman, Esq.
*[Admitted Pro Hac Vice]*
JH FREEMAN LAW
3 Columbus Circle, 15th Floor
New York, NY 10019
Tel: (212) 931-8535
Fax: (212) 496-5870
james@jhfreemanlaw.com


STEVE LOWE, ESQ.
steven@lowelaw.com
LOWE & ASSOCIATES, P.C.
11400 Olympic Blvd., Suite 640
Los Angeles, CA 90064
Tel: (310) 477-5811
Fax: (310) 477-7672

*Attorneys for Plaintiff Between the Lines Productions, LLC*

7